O’BRIEN, J.
—This action was instituted by Annie" T. Murray,-as administratrix, etc., against the defendant, to recover damages for causing the death of the intestate by its negligence. Upon the trial it appeared that plaintiff’s intestate was struck by one of defendant’s cars on the Western Boulevard, between Sixty-Fourth and Sixty-Fifth streets, at a quarter to 12 o’clock on the night of July 29, 1893, and sustained injuries that caused his death on the following day. The manner in which these injuries were received were detailed by two witnesses produced by the plaintiff, who claimed to have seen the accident; one being a saloon-keeper, and the other his assistant. They testified that while sitting on the saloon steps, about 150 feet from the place of the accident, their attention was attracted by a. cry, and they ran towards a car which was coming north; that they saw the driver put on his brake, and bring the car to a stop within its length, and when they reached the car the intestate wras lying with most of his body under the car, between the front and rear wheels; that his legs were •separated, the feet pointing to the front of the car, the front wheel between his legs, close up to his body, and that at this *1016 thne he was uninjured ; that while they were trying to get Murray from under the car the passengers and "bystanders, pushed the car back a few inches, the forward wheel running-up on Murray’s body, thus inflicting the injuries which caused his death. With this account of the accident the plaintiff' seemed satisfied, and rested, and thereupon a motion was made to dismiss the complaint, which was denied. .As there was nothing in this evidence tending to show negligence upon the part of the driver, or freedom from contributory negligence upon the part of the injured man, the motion should have been granted. This is practically conceded by the respondent, because on this appeal she abandons the story or version given by her own witnesses, and insists that upon the evidence adduced by the defendant there was sufficient to present the question of defendant’s liability to the jury. This reliance is mainly upon the evidence of the witness Meisner, which may be briefly summarized : He testified that' on the night in question he was standing bn the front platform of the car, smoking a cigar, and that, though it had been raining that day, the evening was pretty clear, but he saw along the boulevard in different places small pools of water, the result of the rain ; that, after passing Sixty-Fourth or Sixty-Fifth Street, he saw a dark object lying between the car tracks, and thought it was water, but upon getting closer he saw it was the form of .a man; that he was lying with one leg 'on the outside of the track, the body and one leg on the inside of the track, and the head towards the upper part of the street; that the horses shied as they got within a few feet of the object, and as the horses got to one side he noticed what it was ; that he cried out, “ ‘ There is a man ! ’ but not exactly hollered, but I spoke to the driver ; ” that the gentleman who was on the platform with him noticed it at the same time. “ As far as I can recollect, the driver put down his brake immediately, but had not time enough to stop-the car in running up against the body. I don’t know whether-the car—at least the wheel—passed over his body or not. To-that I cannot swear. As far as I can remember, the body lay in front of the front wheel. * * * Beyond putting on tliebrake and holding the horses in check, I could not exactly say what the driver did. He was on the car when I got off. He was holding the brake himself. The words were given, ‘ Push the car back.’ It was pushed back. I can’t remember exactly whether he was taken out after or before the car was pushed back. * "x" * I saw the man lying on the track before the wheel struck him. I can’t say whether it was the car struck the body, or whether it was the motion of the brake that gave* the car a jerk.” This witness was unable to determine just, how far the car was from Murray when he first observed him lying upon the track; but his testimony can be read so as to-make it consistent with that of the driver and another witness-examined by the defendant,—that by reason of the trees that skirt the boulevard and throw a shadow upon the track, and *1017 the condition of light that prevailed on that evening at the time the accident occurred, neither he nor the driver nor the other witness saw, or couldosee, the object until the horses were almost to it, when they shied, and the driver immediately put on brake, and checked the speed of the car. And, while the car reached Murray, it is doubtful' whether the wheels, or any portion of the car, had then struck him; none of the witnesses testifying positively as to that fact, and there being testimony from which the inference could be drawn that the car ran to the place where the body was lying without the wheels having touched him. But whether the wheels touched him or not, or whether the injuries were caused by the passengers and others subsequently pushing back the car upon Murray as he lay on the track, is entirely immaterial, because, taking the testimony of the witness Meisner, upon whom the respondent relies, it is shown beyond question that the driver was not guilty of negligence which in any way caused the injuries. lie could not have anticipated that at that time of night any one would be lying upon the track; and all agree that as, soon as his attention was called to that fact—whether by the voice of Meisner or by the shying of the horses—he did all that lay in his power to avert the injury by putting on the brake and stopping the car within its own length. The theory upon which the learned trial judge seemed to proceed was that, while there was no negligence in the fact that the driver did not sooner see Murray lying on the track, as soon as he did or should have seen him he was bound to use every reasonable effort to prevent injury to him. But the uncontradicted evidence is that this is just what he did, and there is no evidence from which a contrary inference can be drawn. This theory upon which to predicate defendant’s liability must, therefore, equally with the others advanced, be disregarded, for the reason that, reading the record, we find an entire absence of any evidence to justify the jury in inferring that the negligence of defendant’s driver was the sole cause of the injuries from which Murray died. This being the condition of the record, the motion made at the end of the entire case to dismiss the complaint should have been granted.
We think, therefore, that the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.
All concur.